IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. C-00-362 (1) |
| | § | |
| ALBERTO GONZALEZ, | § | |
|     Defendant. | § | |

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO REDUCE SENTENCE**

Defendant was sentenced on March 27, 2001. (D.E. 11). Judgment of conviction was entered on March 29, 2001. (D.E. 12). Defendant did not appeal. Instead, he filed a motion pursuant to 28 U.S.C. § 2255 on February 4, 2002, (D.E. 14), which was denied by this Court on July 20, 2002. (D.E. 25). Final judgment was entered in the § 2255 proceedings on July 23, 2002. (D.E. 26). Gonzalez appealed and this Court denied a certificate of appealability. (D.E. 27, 28). The Fifth Circuit dismissed the appeal for want of prosecution on September 20, 2002. (D.E. 29).

Defendant did not file any other motions until November 14, 2005, when the Clerk received from him a "Motion to Eliminate Enhancements and Reduce Sentence," (D.E. 30), now pending before the Court and addressed herein. In his motion, Gonzalez relies on United States v. Booker, 125 S. Ct. 738 (2005), and argues that his Sixth Amendment rights were violated because his sentence was enhanced based on facts not found by a jury beyond a reasonable doubt nor admitted by him. He requests "a review of his case and a sentence

1

reduction, eliminating the enhancements in his case." (D.E. 30 at 2). For the reasons set forth herein, the motion is DENIED WITHOUT PREJUDICE.

## I.   CHARACTERIZATION OF MOTION

Nowhere does Defendant's motion identify the statute pursuant to which he seeks relief in this Court. While the proper vehicle for his challenge is a motion pursuant to 28 U.S.C. § 2255, his motion does not cite to § 2255, nor is it styled as a motion to correct, vacate or reduce his sentence. Cognizant of the Supreme Court's decision in Castro v. United States, 124 S. Ct. 786, 792 (2003), the Court declines to construe his motion as a § 2255 motion. Cf. Castro, 124 S. Ct. at 792 (if a district court recharacterizes a post-conviction motion as a § 2255 motion and fails to provide adequate notice and warning to the defendant of the consequences of the recharacterzation, then the motion is not a first petition for purposes of applying to later motions the restrictions on "second or successive" § 2255 motions). Rather, this Court DENIES the motion without prejudice to Gonzalez's ability to file a proper § 2255 motion.

The Court further notes, however, that even if Defendant had styled his motion as a § 2255 motion, he would not be entitled to relief because he cannot overcome a number of procedural hurdles. As an initial matter, his motion would be a "second or successive" § 2255 motion and Defendant has not obtained permission from the Fifth Circuit to file it. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district

court to consider the application."). Absent such permission, this Court would not have jurisdiction to consider his motion. Additionally, any such motion would be barred by the applicable statute of limitations. See 28 U.S.C. § 2255 ¶6.[1]

## II. CONCLUSION

For the foregoing reasons, Defendant's motion (D.E. 30) is DENIED WITHOUT PREJUDICE.

It is ORDERED this 21st day of November, 2005.

_____
HAYDEN HEAD
CHIEF JUDGE

---

[1] Defendant could argue that the motion is timely pursuant to 28 U.S.C. § 2255, ¶6(3), which allows a motion to be brought within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255 ¶6(3). That argument is foreclosed, however, by United States v. Padilla, 416 F.3d 424 (5th Cir. 2005), in which the Fifth Circuit held that Booker is not retroactive. Padilla, 416 F.3d at 427 (("Like Apprendi, Booker's holding is not retroactively applicable to cases on collateral review."). Thus, even if Defendant re-files his motion as a § 2255 motion, Booker would not entitle him to relief.